UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 8:13-cr-584-CEH-SPF

JUAN JOHNNY JASSO

### ORDER

This cause comes before the Court on Defendant Juan Johnny Jasso's Motion for Correction of Sentence (Doc. 233), which the Government opposes (Doc. 238). Proceeding *pro se*, Jasso argues that his sentence was improperly enhanced by convictions obtained in traffic proceedings in which he lacked counsel. Having considered the motion and being fully advised in the premises, the Court will deny the motion.

### BACKGROUND

On September 14, 2014, pursuant to a plea agreement, Jasso pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. Docs. 130, 131, 132. The Department of Probation determined that his guideline imprisonment range was 210 to 262 months, based on a total offense level of 35 and a criminal history score of four. Doc. 159 at 14, 17. The criminal history score resulted from three nolo contendere pleas to driving with a suspended license: 1) on September 20, 2007 in St. Lucie County, for which he received 180 days' jail (two points); 2) on June 26, 2008 in Pasco County, for which he was resentenced to 45 days jail; and 3) on December

14, 2010 in Pasco County, for which he received 30 days jail. *Id.* at 12-13. Based on his guidelines score, the Court sentenced Jasso to the mandatory minimum of 210 months of imprisonment. Doc. 167, 168. The judgment was affirmed on appeal. Doc. 201.

Jasso has moved twice to reduce his sentence, arguing he was entitled to a reduction because of Amendment 782 and that his actions during an incident in his prison facility warranted a lower sentence. Docs. 199, 228. Both motions were denied. Docs. 213, 232. Jasso also filed a motion to set aside his sentence pursuant to 28 U.S.C. § 2255, which the Court denied on November 15, 2018. Doc. 2013; *see* Case Number 8:16-cv-143-CEH-AAS, Doc. 10. In the § 2255 motion he argued that his sentence must be vacated because he had a permit to carry a firearm, the informants who testified as to the quantity of drugs he handled did so falsely, and his sentence was improperly enhanced due to traffic infractions rather than criminal convictions. *Id.* at 1-2. The Court found that all three arguments should have been raised on direct appeal and were not cognizable on collateral review. *Id.* at 2-3. To the extent Jasso argued his appellate counsel was ineffective for failing to raise the issues on appeal, the Court found that Jasso did not satisfy the *Strickland* standard for ineffectiveness. *Id.* at 4-6. With respect to his argument about the four-point sentence enhancement, the Court found that his sentence was lawfully enhanced because he received a sentence of thirty days or more of imprisonment for the prior offenses. *Id.* at 6.

In the instant motion, Jasso raises another alleged defect with respect to the same four-point sentence enhancement. Doc. 233. This time, citing to 18 U.S.C. §

3742, he argues that these convictions cannot increase his sentence because he was not represented by counsel, and they were therefore unconstitutionally obtained. *Id.* at 4-7, 11. He asserts that it is the Government's burden to establish that he effectively waived his right to counsel, which it has not done. *Id.* at 7. Further, Jasso argues that his nolo contendere pleas were unknowing because he did not, nor could he, know that they would be used to enhance his sentence by 75 to 94 months in the instant case. *Id.* at 8. He contends that the official record of the traffic infraction proceedings would demonstrate that the sentencing court did not abide by the requirements of the Federal Rules of Criminal Procedure. *Id.* at 7-10. He therefore asks for resentencing without the four-point enhancement. *Id.* at 11.

Responding in opposition, the Government responds that 18 U.S.C. § 3742, on which Jasso relies, is applicable only to direct appeals and therefore does not entitle him to relief. Doc. 238 at 1. It asserts that he is actually seeking to attack his sentence under 28 U.S.C. § 2255, which he cannot do because he has not satisfied the requirements for a successive § 2255 motion, and because it is time-barred in any event. *Id.* at 2-3.[1] The Government does not address the merits of Jasso's argument.

## DISCUSSION

First, the Government is correct that Jasso has not identified a proper procedural vehicle for the relief he seeks. The Court agrees that the motion is most

---

[1] The Government incorrectly asserts that Jasso has filed two prior § 2255 motions. The second motion the Government cites, under Case Number 8:19-cv-702-CEH-SPF, was filed by Jasso's co-defendant, Juan Luis Jasso, Jr.

3

properly interpreted as a motion pursuant to 28 U.S.C. § 2255, because Jasso has not identified any other means by which his sentence could be reviewed at this point. As the Government correctly explains, 18 U.S.C. § 3742 provides procedural rules concerning direct appeals. Jasso's conviction has already been affirmed on direct appeal by the Eleventh Circuit. This provision is therefore inapplicable to the instant motion.

To the extent the Court interprets Jasso's motion as being brought pursuant to § 2255, there are several procedural bars to its success. First, the argument is unpreserved. The Eleventh Circuit has held that a defendant is procedurally barred from arguing for the first time in a § 2255 motion that his sentence was unlawfully enhanced by a prior conviction that violated his right to counsel. *Howard v. U.S.*, 374 F.3d 1068, 1073 (11th Cir. 2004); *see also Daniels v. U.S.*, 532 U.S. 374, 382-83 (2001) ("A defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding."); *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Here, Jasso did not object at sentencing to the Department of Probation's scoring of the guidelines or its use of his prior convictions. *See* Doc. 194 at 5 (when asked if he wished to make any objection as to the application of the guidelines, Jasso stating "No. They're scored correctly."), 8-9 (defense counsel making a mitigation argument about the nature of the prior convictions). Jasso has not argued

his attorney was ineffective or offered any reason he could not raise the issue at sentencing.

Additionally, as the Government argues, Jasso has not satisfied the requirements of a second or successive motion, which must be certified by a panel of the Court of Appeals and based on newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2255(h). Nor has Jasso explained why the motion is not barred by the one-year statute of limitations. *Id.* § 2255(f).

Even if the Court could reach the merits of Jasso's argument, however, it finds that he would not be entitled to relief. A sentence enhancement based on a conviction that was obtained in violation of the right to counsel is a constitutional defect. *See Burgett v. Texas*, 389 U.S. 109, 115 (1967); *U.S. v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993); *U.S. v. Morejon*, 437 F. App'x 795, 797 (11th Cir. 2011). But it is the defendant who bears the burden of making an adequate proffer of unconstitutionality: "When a defendant, facing sentencing, *sufficiently asserts* facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account." *Roman*, 989 F.2d at 1120 (emphasis added). In *Roman*, the court found that the defendant's statement that he had pleaded guilty without a court-appointed interpreter, without other evidence, was insufficient to merit a hearing as to the constitutionality of the prior conviction. *Id.*; *see also U.S. v. Rogers*, 590 F. App'x 900, 903 (11th Cir. 2014) (noting that the burden is on a defendant who challenges the constitutionality of a prior state court conviction for

the first time at federal sentencing hearing); *U.S. v. Axam*, 292 F. App'x 776, 781 (11th Cir. 2008) (defendant failed to meet his burden where he did not present "any evidence, prior to or during the sentencing hearing, to demonstrate that his challenges to the [prior] convictions were meritorious.").

Moreover, the absence of counsel in a prior conviction is not enough to demonstrate that it was obtained unconstitutionally, because the right to counsel may be waived. *U.S. v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995). On collateral review, it is the defendant who must demonstrate that it was not validly waived. *Iowa v. Tovar*, 541 U.S. 77, 79 (2004); *U.S. v. Cooper*, 203 F.3d 1279, 1287 (11th Cir. 2000) (although prior conviction was uncounseled, defendant failed to lay a factual foundation that the conviction was constitutionally void, precluding review of the prior conviction during the federal sentencing hearing); *U.S. v. Perez-Herrera*, 219 F. App'x 873, 874 (11th Cir. 2007) (defendant failed to meet burden of proof when he argued that he did not knowingly and voluntarily waive his right to counsel in prior conviction that enhanced his sentence).

Here, although Jasso asserts that the prior convictions that enhanced his sentence were uncounseled, he does not provide any evidence in support of that contention. He cites only the probation report, which is silent as to whether he was represented by counsel. Jasso takes issue with the stated policy of the Department of Probation "to assume that all defendants were represented by effective counsel or knowingly waived counsel in convictions which occurred any time after 1972." Doc.

233 at 7, citing Doc. 159 at 9.² However, it is Jasso's burden to demonstrate that a prior conviction was obtained in violation of the constitution. He has failed to demonstrate that his prior convictions were uncounseled; and, even if they were, he has not shown that he did not knowingly waive his right to counsel. Therefore, Jasso has not established that his sentence was unlawfully enhanced.

Further, Jasso's argument that his prior nolo contendere pleas were not knowing and voluntary because he did not know they would be used to enhance a future sentence is unavailing. *See*, *e.g.*, *Custis v. U.S.*, 511 U.S. 485, 496 (1994) (declining to extend the right to collaterally attack prior convictions used for sentence enhancement for any reason except violations of the right to counsel, which also precluded defendant's argument that a prior guilty plea was not knowing and intelligent). Similarly, the state court's alleged failure to adhere to the Federal Rules of Criminal Procedure is not a constitutional defect that may be raised in a collateral challenge. *Id.* His motion is due to be denied.

---

² In 1972, the United States Supreme Court held in *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972), that a person may not "be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *See also* Florida Rule of Criminal Procedure 3.111(b)(1) ("[c]ounsel shall be provided to indigent persons in all prosecutions for offenses punishable by incarceration").

Accordingly, it is **ORDERED**:

1. Defendant Juan Johnny Jasso's Motion for Correction of Sentence (Doc. 233) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties